IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

MASON MURPHY,

    Plaintiff,

v.

OFFICER MICHAEL SCHMITT,
CORPORAL JERRY M. PEDIGO, and
CAMDEN COUNTY, MISSOURI,

    Defendants.

Case No. 2:21-CV-04195 MDH

## ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Defendant Jerry M. Pedigo (hereinafter the "Defendant"), by counsel and for his answer and affirmative defenses to Plaintiff's Complaint for Damages ("Complaint"), states and alleges as follows:

### INTRODUCTION[1]

1. Defendant denies ¶ 1 of Plaintiff's Complaint.

### PRELIMINARY ALLEGATIONS

#### Parties

2. Answering ¶¶ 2, 3 of Plaintiff's Complaint, the Defendant states he is without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

3. Defendant denies ¶ 4 of Plaintiff's Complaint.

4. Defendant admits ¶ 5 of Plaintiff's Complaint.

---

[1] For consistency and convenience of the Court, Defendant uses Plaintiff's headings. The use of Plaintiff's headings is not an admission of the truth or veracity of the language used.

1

### Jurisdiction and Venue

5. Answering ¶¶ 6, 7, 8 and 9 of Plaintiff's Complaint, the Defendant states the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. However, to the extent the allegations and averments made and contained therein may be construed to allege a claim against the Defendant, the same are denied.

### Color of State Law

6. Answering ¶ 10 of Plaintiff's Complaint, the Defendant states the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. However, to the extent the allegations and averments made and contained therein may be construed to allege a claim against the Defendant, the same are denied.

### Jury Demand

7. Answering ¶ 11 of Plaintiff's Complaint, Defendant also requests a trial by jury of all issues and claims.

### FACTS

8. Answering ¶¶ 12, 13, 14, 15, 16, and 17 of Plaintiff's Complaint, the Defendant states he is without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

9. Defendant denies ¶ 18 of Plaintiff's Complaint.

10. Answering ¶ 19 of Plaintiff's Complaint, the Defendant states he is without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

11. Answering ¶ 20 of Plaintiff's Complaint, the Defendant states the allegations and averments made and contained therein purport to state legal conclusions to which no response is

required. However, to the extent the allegations and averments made and contained therein may be construed to allege a claim against the Defendant, the same are denied.

12. Defendant objects to all of Plaintiff's footnotes as they are argumentative, state legal conclusions, misconstrue and misstate the law. To the extent any footnote may be construed to state facts or allegations against Defendant, they are denied; and Defendant respectfully requests the Court strike and/or disregard footnotes 1-42 of the Complaint.

13. Answering ¶¶ 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, and 63 of Plaintiff's Complaint, the Defendant states he is without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

14. Defendant admits ¶ 65 of Plaintiff's Complaint.

15. Answering ¶¶ 66 and 67 of Plaintiff's Complaint, the Defendant states he is without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

16. Defendant denies ¶ 68 of Plaintiff's Complaint.

17. Answering ¶¶ 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, and 88 of Plaintiff's Complaint, the Defendant states he is without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

18. Defendant denies ¶ 89 of Plaintiff's Complaint.

19. Answering ¶¶ 90 and 91 of Plaintiff's Complaint, the Defendant states he is without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

20. Defendant denies ¶¶ 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, and 102 of Plaintiff's Complaint.

21. Answering ¶¶ 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123 and 124 of Plaintiff's Complaint, the Defendant states he is without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied.

22. Defendant denies ¶ 125 of Plaintiff's Complaint.

23. Answering ¶ 126 of Plaintiff's Complaint, the Defendant states he is without sufficient knowledge or information to admit or deny the allegations and averments made and contained therein, and therefore the same are denied

24. Answering ¶ 127 of Plaintiff's Complaint, the Defendant states the allegations and averments made and contained therein purport to state legal conclusions to which no response is required. However, to the extent the allegations and averments made and contained therein may be construed to allege a claim against the Defendant, the same are denied.

## RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS
### Schmitt

25. Answering ¶¶ 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140 and 141 of Plaintiff's Complaint, Defendant states the allegations and averments made and contained therein do not purport to allege a claim against Defendant, and therefore no response is required. However, to the extent the allegations and averments made and contained therein may be construed to allege a claim against the Defendant, the same are denied.

### Pedigo

26. Defendant denies ¶¶ 142, 143 and 144 of Plaintiff's Complaint.

### MONELL

### Policymaker Participation

27. Defendant denies ¶¶ 145, 146, 147, 148, 149, 150, 151, 152 and 153 of Plaintiff's Complaint.

### CAUSATION

28. Defendant denies ¶¶ 154 and 155 of Plaintiff's Complaint.

### DAMAGES

29. Defendant denies ¶¶ 156 and 157 of Plaintiff's Complaint.

30. Defendant admits ¶ 158 of Plaintiff's Complaint.

31. Defendant denies ¶ 159 of Plaintiff's Complaint.

32. Defendant admits ¶¶ 160 and 161 of Plaintiff's Complaint.

### PUNITIVE DAMAGES

### Federal Claims

33. Defendant denies ¶¶ 162 163, 164, 165, 166, 167 and 168 of Plaintiff's Complaint.

### State Law Claim

34. Defendant denies ¶ 169 of Plaintiff's Complaint.

### NO QUALIFIED IMMUNITY FOR FEDERAL RETALIATORY ARREST CLAIMS

35. Defendant denies ¶¶ 170 and 171 of Plaintiff's Complaint.

### NO OFFICIAL IMMUNITY FOR PEDIGO ON STATE LAW CLAIM

36. Defendant denies ¶¶ 172 and 173 of Plaintiff's Complaint.

### § 1988 ATTORNEYS FEES AND COSTS FOR FEDERAL CLAIMS

37. Defendant denies ¶ 174 of Plaintiff's Complaint.

## COUNT I

## FEDERAL CLAIM
## AGAINST MICHAEL SCHMITT
## IN HIS INDIVIDUAL CAPACITY
## FOR UNLAWFUL DETENTION

### RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS

38. Answering ¶ 175 of Plaintiff's Complaint, the Defendant incorporates by reference his responses to ¶¶ 1-174 of Plaintiff's Complaint as if fully set forth herein.

39. Answering ¶¶ 176, 177, 178, 179, 180 and 181 of Plaintiff's Complaint, Defendant states the allegations and averments made and contained therein do not purport to allege a claim against Defendant and therefore, no response is required. However, to the extent the allegations and averments made and contained therein may be construed to allege a claim against the Defendant, the same are denied.

### Punitive Damages

40. Defendant denies ¶ 182 and 183 of Plaintiff's Complaint.

### Prayer

41. Defendant denies Plaintiff is entitled to any judgment or other relief against him herein.

42. Defendant denies each and every allegation and averment made and contained in Count I of Plaintiff's Complaint not specifically admitted or otherwise addressed herein.

43. Defendant incorporates by reference as if fully set forth herein, each and every affirmative defense set forth below.

## COUNT II

## FEDERAL CLAIM
## AGAINST MICHAEL SCHMITT
## IN HIS INDIVIDUAL CAPACITY
## FOR FALSE ARREST IN

### RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS

44. Answering ¶ 184 of Plaintiff's Complaint, the Defendant incorporates by reference his responses to ¶¶ 1-183 of Plaintiff's Complaint as if fully set forth herein.

45. Answering ¶¶ 185, 186, 187, 188, 189 and 190 of Plaintiff's Complaint, Defendant states the allegations and averments made and contained therein do not purport to allege a claim against Defendant and therefore, no response is required. However, to the extent the allegations and averments made and contained therein may be construed to allege a claim against the Defendant, the same are denied.

### Punitive Damages

46. Defendant denies ¶¶ 191 and 192 of Plaintiff's Complaint.

### Prayer

47. Defendant denies Plaintiff is entitled to any judgment or other relief against him herein.

48. Defendant denies each and every allegation and averment made and contained in Count II of Plaintiff's Complaint not specifically admitted or otherwise addressed herein.

49. Defendant incorporates by reference as if fully set forth herein, each and every affirmative defense set forth below.

### COUNT III

### FEDERAL CLAIM
### AGAINST JERRY M. PEDIGO
### IN HIS INDIVIDUAL CAPACITY
### FOR ASSAULT IN
### RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS

50. Answering ¶ 193 of Plaintiff's Complaint, the Defendant incorporates by reference his responses to ¶¶ 1-192 of Plaintiff's Complaint as if fully set forth herein.

51. Defendant denies ¶¶ 194, 195, 196 and 197 of Plaintiff's Complaint.

**Punitive Damages**

52. Defendant denies ¶¶ 198 and 199 of Plaintiff's Complaint.

**Prayer**

53. Defendant denies Plaintiff is entitled to any judgment or other relief against him herein.

54. Defendant denies each and every allegation and averment made and contained in Count III of Plaintiff's Complaint not specifically admitted or otherwise addressed herein.

55. Defendant incorporates by reference as if fully set forth herein, each and every affirmative defense set forth below.

**COUNT IV**

**STATE LAW CLAIM
AGAINST JERRY M. PEDIGO
IN HIS INDIVIDUAL CAPACITY
ASSAULT**

56. Answering ¶ 200 of Plaintiff's Complaint, the Defendant incorporates by reference his responses to ¶¶ 1-199 of Plaintiff's Complaint as if fully set forth herein.

57. Defendant denies ¶¶ 201 and 202 of Plaintiff's Complaint.

**Punitive Damages**

58. Defendant denies ¶ 203 of Plaintiff's Complaint.

**Prayer**

59. Defendant denies Plaintiff is entitled to any judgment or other relief against him herein.

60. Defendant denies each and every allegation and averment made and contained in Count IV of Plaintiff's Complaint not specifically admitted or otherwise addressed herein.

61. Defendant incorporates by reference as if fully set forth herein, each and every affirmative defense set forth below.

## COUNT V

## FEDERAL CLAIM
## AGAINST CAMDEN COUNTY
## POLICYMAKER PARTICIPATION

62. Answering ¶ 204 of Plaintiff's Complaint, the Defendant incorporates by reference his responses to ¶¶ 1-203 of Plaintiff's Complaint as if fully set forth herein.

63. Defendant denies ¶¶ 205, 206 and 207 of Plaintiff's Complaint.

### Prayer

64. Defendant denies Plaintiff is entitled to any judgment or other relief against him herein.

65. Defendant denies each and every allegation and averment made and contained in Count V of Plaintiff's Complaint not specifically admitted or otherwise addressed herein.

66. Defendant incorporates by reference as if fully set forth herein, each and every affirmative defense set forth below.

### AFFIRMATIVE DEFENSES

67. In further answer to Plaintiff's Complaint and by way of affirmative defense, The Defendant states Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action and fails to state a claim upon which relief can be granted such that the same should be dismissed at Plaintiff's costs.

68. In further answer to Plaintiff's Complaint and by way of affirmative defense, the Defendant states that any of Plaintiff's constitutional claims against him based upon the doctrine of *respondeat superior* or vicarious liability fail to state a claim upon which relief can be granted and should be dismissed at Plaintiff's costs.

69. In further answer to Plaintiff's Complaint and by way of affirmative defense, the Defendant states to the extent Plaintiff's Complaint attempts to state any cause of action under Missouri State law, the Defendant is protected from liability by virtue of Missouri's sovereign immunity statute, §537.600, *et seq.*, R.S.Mo., official immunity and/or the public duty doctrine.

70. In further answer to Plaintiff's Complaint and by way of affirmative defense, the Defendant specifically denies Plaintiff's claims are actionable inasmuch as there is no evidence or allegation that the alleged governmental misconduct was the result of deliberate indifference by Defendant.

71. In further answer to Plaintiff's Complaint and by way of affirmative defense, the Defendant states, at all times relevant hereto, he was acting under legal authority and in good faith and as such, Plaintiff's claims herein are barred.

72. In further answer to Plaintiff's Complaint and by way of affirmative defense, the Defendant, specifically denying Plaintiff's rights were violated, state Plaintiff's claims herein are barred and should therefore be denied and/or dismissed under the doctrines of waiver, *res judicata,* collateral estoppel, issue preclusion and/or claim preclusion.

73. In further answer to Plaintiff's Complaint and by way of affirmative defense, the Defendant states, specifically denying the conduct as alleged or characterized in the Complaint occurred, any such conduct as alleged is not reflective of an official policy or custom of the Defendant.

74. In further answer to Plaintiff's Complaint and by way of Affirmative Defense, Defendant, without admitting and specifically denying Plaintiff's Constitutional Rights were violated, state Plaintiff's damages, if any, and any and all such damages being steadfastly denied, were caused by Plaintiff's own acts and conduct, including, but not limited to, violating the Laws

of Missouri, refusing to follow the lawful commands of the law enforcement personnel, fleeing a lawful detention and resisting a lawful arrest.

75. In further answer to Plaintiff's Complaint and by way of Affirmative Defense, Defendant, specifically denying Plaintiff's rights were violated, states Plaintiff's claims herein are barred and should therefore be denied and/or dismissed under the doctrines of waiver, consent and/or self-defense.

76. In further answer to Plaintiff's Complaint and by way of affirmative defense, the Defendant states Plaintiff's claims herein are barred, in whole or in part, because the alleged acts complained of herein were discretionary in nature and taken in good faith by the Defendant and Defendant is protected from liability by the doctrines of qualified immunity, official immunity, absolute legislative immunity and/or judicial immunity.

77. In further answer to Plaintiff's Complaint and by way of affirmative defense, the Defendant specifically denies that Plaintiff's rights were violated, and states that all acts taken with regard to Plaintiff, if any, were legally justified by statutory and common law, and authorized by Missouri statute and federal law, were reasonable and necessary under the circumstances therein existing, and reasonably related to legitimate law enforcement interests.

78. In further answer to Plaintiff's Complaint and by way of affirmative defense, the Defendant states he acted with objective reasonableness under the circumstances then existing, and his conduct was justified and/or privileged.

79. In further answer to Plaintiff's Complaint and by way of affirmative defense, the Defendant states he is immune from liability by virtue of the Eleventh Amendment of the United States Constitution.

80. In further answer to Plaintiff's Complaint and by way of affirmative defense, to the extent Plaintiff attempts to seek punitive damages against the Defendant, the Defendant states and alleges that Plaintiff is not entitled to any punitive damage award against him for any one or more of the following reasons:

    a. The standards by which the Defendant's conduct is to be determined as alleged by Plaintiff is vague and wholly arbitrary, and as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

    b. The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to the Defendant of the potential repercussions of his alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

    c. Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution are applicable;

    d. Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

    e. Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

    f. Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United

States Constitution in that Defendant's wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

g. Plaintiff's request for punitive damages cannot protect the Defendant against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

h. An award of punitive damages would violate the Defendant's due process rights under the United States Constitution as well as be in violation of the United States Supreme Court's decision in *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991);

i. To the extent the Defendant is being sued in his representative or official capacity, Plaintiff is not entitled to any punitive damage award against him because punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's decision in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247(1981).

j. To the extent the Defendant is being sued for tort claims under State law, punitive damages against governmental entities are prohibited and/or barred by §537.610 R.S.Mo.

k. An award of punitive damages would violate provisions of the Constitution of the United States, including Article I, Section 8;

l. An award of punitive damages would violate provisions of the Constitution of the United States, including Article I, Section 9;

m. An award of punitive damages would violate provisions of the Constitution, including Article I, Section 10;

13

n. An award of punitive damages would violate provisions of the Constitution of the United States, including Article III, Section 2;

o. An award of punitive damages would violate provisions of the 1945 Constitution of Missouri, including, but not limited to, Article I, Bill of Rights, Sections 2, 10, 13, 19, 21 and 22; and

p. Missouri Revised Statute Section 510.265(1) and the Missouri Approved Jury Instructions relating to punitive damages are unconstitutional and deprives the Defendant of Due Process of Law and Equal Protection of Law in that: (1) they fail to contain adequate substantive, procedural and instructional safeguards, thereby permitting juries to base punitive damages on impermissible evidence and upon acts, conduct and/or defects that do not and cannot form a constitutionally sound basis for the award of punitive damages; (2) the award of punitive damages is not tied to specifically proven items of damages; and, (3) the upper limit of recoverable punitive damages is the same regardless of the degree of culpability or the nature of the conduct, permitting and mandating the same award in cases not involving actual malice as can be awarded in the cases of the most egregious conduct. In the context of the holdings of the United States Supreme Court in *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (U.S. 2008), the amount of any punitive damage award should be limited to an amount not exceeding the amount of compensatory damages (if any) awarded in this action. The unpredictability of high punitive awards is in tension with their punitive function because of the implication of unfairness that an eccentrically high punitive verdict carries.

81. In further answer to Plaintiff's Complaint and by way of affirmative defense, the Defendant states Plaintiff's claimed damages should be denied or dismissed based on a failure to mitigate his damages, if any, said damages being specifically denied.

82. In further answer to Plaintiff's Complaint and by way of affirmative defense, Defendant specifically denying Plaintiff's rights were violated, states Plaintiff's claims herein are barred and should therefore be denied and/or dismissed for Plaintiff's failure to exhaust administrative remedies.

83. The Defendant incorporates by reference, as though fully set forth here, all applicable affirmative defenses raised by any co-defendants herein.

84. The Defendant reserves the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to him.

WHEREFORE, Defendant Jerry M. Pedigo, having fully answered Plaintiff's Complaint and raised his affirmative defenses, hereby prays the Court to dismiss Plaintiff's Complaint and award the Defendant its costs of this action, including an award of attorney's fees as prevailing party, and for such other further relief as this Court deems just and proper.

Respectfully submitted,

**BATY OTTO CORONADO SCHEER PC**

/s/ Christopher L. Heigele
Christopher L. Heigele     MBN 45733
4435 Main Street, Suite 1100
Kansas City, MO 64111
Telephone: (816) 531-7200
Facsimile: (816) 531-7201
cheigele@batyotto.com
ATTORNEYS FOR DEFENDANT JERRY PEDIGO

**CERTIFICATE OF SERVICE**

I hereby certify the above and foregoing was filed with the Court through its electronic filing system on February 22, 2022, with a copy sent via electronic mail to:

W. Bevis Schock
777 Bonhomme Ave., Suite 1300
St. Louis, MO 63105
Telephone: (314) 726-2322
Facsimile: (314) 721-1698
wbschck@schocklaw.com
Attorney for Plaintiff

Peter Dunne
Pitzer Snodgrass, P.C.
100 South Fourth Street, Suite 400
St. Louis, MO 63102
Telephone: (314) 421-5545
Facsimile: (314) 335-1300
dunne@pspclaw.com
Attorneys for Camden County

Brittany L. Briggs #72725
NEWMAN, COMELY & RUTH PC
601 Monroe Street, Suite 301
PO Box 537
Jefferson City, MO 65101
Telephone: (573) 634-2266
Facsimile: (573) 636-3306
briggsb@ncrpc.com
Attorneys for Defendant Michael Schmitt

/s/ Christopher L. Heigele
Attorney for Defendant Jerry Pedigo