IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| **MASON MURPHY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 2:21-cv-04195-MDH** |
| | ) | |
| **OFFICER MICHAEL SCHMIDT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Pending before the Court is Defendant Officer Michael Schmidt's motion for summary judgment. (Doc. 45). Defendant filed suggestions in support (Doc. 46) and Plaintiff Mason Murphy filed suggestions in opposition. (Doc. 47). For the following reasons, Defendant's motion for summary judgment as to Count I, unlawful detention, is **DENIED AS MOOT**, and Defendant's motion for summary judgment as to Count II, false arrest, is **DENIED**.

## BACKGROUND[1]

Around 9:30 p.m. on May 15, 2021, Mason Murphy was walking northbound with his back to traffic on the right shoulder of Route F in Sunrise Beach, Camden County, Missouri. Missouri law requires pedestrians to walk on the shoulder of the road facing traffic (i.e., the left shoulder) whenever practicable. Mo. Rev. Stat. § 300.405. Murphy admits that he was violating that law.

Officer Michael Schmidt drove by Murphy, exited his vehicle, and ordered Murphy to identify himself. Murphy denies that he was stumbling or was in any way impaired or in need of assistance. For approximately nine minutes, Murphy and Officer Schmidt argued with each other on the side of the road. Murphy consistently refused to identify himself.

[1] For purposes of this Order the Court recites facts in the light most favorable to Plaintiff.

Officer Schmidt then arrested Murphy and placed him in the back of his patrol vehicle. Taylor Semb, Murphy's girlfriend, arrived and had a conversation with Officer Schmidt and another officer who had arrived at the scene, Officer Shoemate. During this conversation, the microphone for the PA system in Schmidt's patrol vehicle was activated, and Murphy's voice was heard over the system.

Murphy was taken to Camden County jail. On the drive over, he continued to criticize Officer Schmidt in stark terms. Officer Schmidt ran Murphy's information for wanteds and outstanding warrants at the station, but the search came up empty. He asked station personnel what he could charge Murphy with.

Murphy had been arrested for failing to identify himself before. A couple of years earlier, Murphy had been walking down the street when, nearby, an officer was conducting a traffic stop on one of his friends. Murphy said something that the officer did not like, and the officer asked Murphy to identify himself. Murphy refused and was subsequently arrested, booked at Camden County jail, and released without being charged.

In total, Murphy has refused to identify himself to law enforcement on five occasions. Officer Schmidt avers that individuals besides Murphy have been arrested for refusing to identify themselves, although he has not cited an example. No one in Sunrise Beach previously had been arrested for walking on the wrong side of the road.

Murphy sued Officer Schmidt on two Counts: (1) unlawful detention in retaliation for exercise of First Amendment rights; and (2) false arrest in retaliation for exercise of First Amendment rights. Officer Schmidt seeks summary judgment on both claims.

## STANDARD

A Court will grant summary judgment where, "viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005); *see also* Fed. R. Civ. P. 56. Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

This Court entered a final Order of dismissal as to Counts I and II. (Doc. 14). Murphy did not appeal—and the Eighth Circuit did not reverse—this Court's dismissal of Count I. (Doc. 26). That Count remains dismissed. Accordingly, Defendant's request to dismiss Count I on summary judgment is **DENIED AS MOOT**. The Court proceeds to consider Defendant's request for summary judgment as to Plaintiff's live claim, Count II.

### a. The substantive claim.

Murphy has alleged that he was arrested in retaliation for the exercise of protected First Amendment activity: talking back to law enforcement. An action for First Amendment retaliatory arrest generally requires proof of four elements:

> (1) [The plaintiff] engaged in a protected activity; (2) the defendant took an adverse action against him that would chill a person of ordinary firmness from continuing the activity; (3) his protected activity motivated, at least in part, the defendant to

> take the adverse action; and (4) the defendant lacked actual or arguable probable cause to arrest him.

*Murphy v. Schmitt*, 143 F.4th 914, 918 (8th Cir. 2025) (citing *Greenman v. Jessen*, 787 F.3d 882, 891 (8th Cir. 2015)). The fourth element, lack of probable cause, ordinarily serves as a threshold requirement for a retaliatory arrest claim. If a plaintiff cannot establish lack of actual or arguable probable cause, his retaliatory arrest claim will fail as a matter of law. *Hartman v. Moore*, 547 U.S. 250, 265–66 (2006).

Here, Officer Schmidt had probable cause to arrest Murphy. However, in *Nieves v. Bartlett*, the Supreme Court explained that "[a]lthough probable cause should generally defeat a retaliatory arrest claim, a narrow qualification is warranted for circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so." 587 U.S. 391, 406, 139 S. Ct. 1715, 1727 (2019). A plaintiff may make out a retaliatory arrest claim despite the existence of probable cause if there is "objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id*. at 407.

Murphy admits Officer Schmidt had probable cause to arrest him for walking on the wrong side of the road. (Doc. 47 ¶¶ 7–9). At the same time, Officer Schmidt admits that "nobody in Sunrise Beach has been arrested for walking on the wrong side of the road." (Doc. 46 ¶ 49). Thus, an arrest for walking on the wrong side of the road in Sunrise Beach may be one of the narrow set of situations covered by *Nieves*. Murphy's retaliatory arrest claim, despite the admitted presence of probable cause, survives the fourth element's threshold.

The Court considers the other three elements. First, it is undisputed that Murphy argued with Officer Schmidt, which is a protected First Amendment activity. *See Thurairajah v. City of Fort Smith*, 925 F.3d 979, 985 (8th Cir. 2019) ("Criticism of officers, even with profanity, is protected speech."). Second, it is undisputed that Murphy was arrested after arguing with Officer

Schmidt. *Id*. ("[T]here can be little doubt that being arrested for exercising the right to free speech would chill a person of ordinary firmness from exercising that right in the future.") (quoting *Hoyland v. McMenomy*, 869 F.3d 644, 656 (8th Cir. 2017) (abrogated in part on other grounds)).

The crux of the factual controversy in this case is the third element—whether Murphy's protected speech motivated, at least in part, Officer Schmidt to arrest him. In this regard, both parties emphasize that Murphy's conduct and physiological condition are central issues. Officer Schmidt testified at his deposition that he believed Murphy was drunk; that Murphy was stumbling when first encountered and erratically grabbed the PA system in the police cruiser. Murphy, on the other hand, has provided a sworn declaration that he never stumbled, was not drunk, and did not grab or intentionally activate the PA system. Body camera does not establish which rendition is true.

Accordingly, the Court finds that issues of material fact remain.[2] Officer Schmidt is not entitled to summary judgment based on the substantive elements of retaliatory arrest.

**b. Qualified immunity.**

Officer Schmidt contends that he is protected by qualified immunity. To overcome qualified immunity, a plaintiff must show that a constitutional violation was "clearly established" at the time of the officer's conduct. *Greenman*, 787 F.3d at 887. The Eighth Circuit has held *in this case* that the constitutional violation Murphy complains of was clearly established.

> It was clearly established at the time Officer Schmitt arrested Murphy that Murphy had a right to be free from retaliation based on his speech criticizing the officer's

---

[2] Officer Schmidt also contends that Murphy cannot prove the third element as a matter of law because the initial *seizure*—the *Terry* stop—of Murphy occurred before he engaged in protected speech. Thus, Officer Schmidt's decision to arrest Murphy could not have been *caused* by his speech, for that "would not make sense in a case where the seizure precedes the expression of speech." (Doc. 46, at 26). But this confuses the doctrine. Count II is not a claim for "retaliatory *Terry* stop" but for retaliatory arrest. The relevant question is whether Murphy's *arrest* was caused by his speech.

> actions. *See Thurairajah v. City of Fort Smith*, 925 F.3d 979, 985 (8th Cir. 2019). Moreover, *Nieves* (discussing a jaywalking hypothetical) placed Officer Schmitt on notice that probable cause for a pedestrian violation did not excuse a retaliatory arrest when other people who did not engage in protected activity are not arrested for the same violation. *See Nieves*, 139 S. Ct. at 1727.

*Schmitt*, 143 F.4th at 919. Officer Schmidt's argument that he is shielded by qualified immunity is foreclosed.

**c. Failure to identify.**

Officer Schmidt contends that he also had probable cause to arrest Murphy for failure to identify, Mo. Rev. Stat. § 300.080, and because failure to identify is an offense for which similarly situated persons have been arrested in Sunrise Beach, the *Nieves* exception should not apply. Further, even if he lacked probable cause to arrest Murphy for failure to identify, his lack of authority was not clearly established at the time; thus, his conduct was protected by qualified immunity.

This argument fails at both steps. The Eighth Circuit has already held in this case (1) that Officer Schmidt lacked authority (and therefore probable cause) under Mo. Rev. Stat. § 300.080 to arrest Murphy for failure to identify and (2) that the lack of authority was clearly established. *Schmitt*, 143 F.4th at 919–20. It is irrelevant whether other individuals have been arrested for failure to identify; that consideration only applies to the *Nieves* exception, which itself is only relevant when an officer has probable cause. A crime for which it was clearly established Officer Schmidt lacked probable cause to arrest will not entitle him to summary judgment.

**CONCLUSION**

Because Count I has already been dismissed, Defendant's motion for summary judgment as to Count I is **DENIED AS MOOT**. For the aforementioned reasons, Defendant's motion for summary judgment as to Count II is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 6, 2026

*<u>/s/ Douglas Harpool</u>*

**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**